**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 13-4723**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GERALD EUGENE WALKER,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:13-cr-00017-CCE-1)

─────────

Submitted:  May 29, 2014            Decided:  June 5, 2014

─────────

Before MOTZ, KING, and DIAZ, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Louis C. Allen, Federal Public Defender, Gregory Davis, Senior Litigator, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Kyle D. Pousson, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Eugene Walker pled guilty to possession of ammunition by a convicted felon, 18 U.S.C. § 922(g) (2012), preserving his right to appeal the denial of his motion to suppress. The district court sentenced Walker to 188 months' imprisonment. Walker appeals.

Construing the facts in the light most favorable to the Government, United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013), the evidence before the district court established the following. On the afternoon of October 17, 2012, Durham, North Carolina Police Officer Ryan Harris was on patrol with a civilian "ride-along" passenger. In order to demonstrate for the passenger how a police officer "runs license plates," Harris did so with the license plate on the vehicle in front of him—a gray Honda. As a result, Harris discovered that the registration was expired and the car had no insurance. Harris followed the vehicle for a short time, and then activated his lights when it turned into a gas station parking lot. As Harris approached the vehicle, the driver and passenger—Walker—both emerged from the Honda. Harris ordered both of them to stay in the car. Walker ignored Harris' instruction and continued to walk away from the car. According to Harris, he ordered Walker and the driver to remain in the vehicle as part of standard officer safety procedures. Walker continued to walk away from

2

Harris, and, as Harris approached him, Walker started to run. Harris noticed Walker tugging on his belt buckle and then noticed what appeared to be a gun. Harris ordered Walker to drop the weapon, but, after Walker kept running away, Harris fired at Walker, missing him. The chase continued until Walker turned and shot at Harris, missing him as well. Walker was soon apprehended nearby by other officers.

Walker was charged in a single-count indictment with possession of ammunition by a felon. He filed a motion to suppress, arguing that Harris' order to return to the vehicle constituted an unlawful seizure in violation of Walker's Fourth Amendment rights. After a hearing, the district court denied the motion. Walker noted a timely appeal.

We review the district court's factual findings regarding the motion to suppress for clear error, and the court's legal conclusions de novo. United States v. Burgess, 684 F.3d 445, 452 (4th Cir.), cert. denied, 133 S. Ct. 490 (2012).

A vehicle stop is permissible if the officer has probable cause to believe a traffic violation has occurred, Whren v. United States, 517 U.S. 806, 809-10 (1996), or has a reasonable suspicion of unlawful conduct, regardless of the officer's subjective motivations, Terry v. Ohio, 392 U.S. 1, 20-22 (1968). Here, it is undisputed that the automobile in which

3

Walker was a passenger had expired tags and no insurance. Thus, he apparently concedes that the initial traffic stop was lawful.

Walker argues, however, that in order for Harris to detain him in the vehicle, the officer needed a "reasonable suspicion" that Walker was engaged in criminal activity. We disagree. A lawful traffic stop justifies detaining the vehicle's occupants for the time necessary to request a driver's license and vehicle registration, run a computer check, and issue a citation. United States v. Digiovanni, 650 F.3d 498, 507 (4th Cir. 2011). "Additionally, 'a police officer may as a matter of course order the driver of a lawfully stopped car to exit his vehicle.' . . . That rule, the justification for which is officer safety, extends to passengers as well." United States v. Vaughan, 700 F.3d 705, 710 (4th Cir. 2012) (quoting Maryland v. Wilson, 519 U.S. 408, 410 (1997)). Because Harris clearly had the authority to order Walker to exit the vehicle, we find that Harris also possessed the authority to order him to remain inside the vehicle. See United States v. Williams, 419 F.3d 1029, 1031 (9th Cir. 2005) ("We now hold that a passenger's compliance with an officer's command to get back into the car in which the passenger had just exited is not an unreasonable seizure under the Fourth Amendment."); see also United States v. Sanders, 510 F.3d 788 (8th Cir. 2007) (holding that officer's seizure of vehicle passenger, by ordering him, after he left the

4

vehicle during a traffic stop, to reenter it, was reasonable under the Fourth Amendment); United States v. Clark, 337 F.3d 1282, 1288 (11th Cir. 2003) (finding no Fourth Amendment violation where officer, in order to protect his own safety, ordered defendant to reenter automobile in which he had been passenger).

Moreover, as noted by the district court, even though Harris had the authority to detain Walker, he did not do so because Walker did not respond to his directions to stop and get back in the car. See California v. Hodari D., 499 U.S. 621, 626 (1991) (holding that a fleeing suspect was not "seized," for purposes of the Fourth Amendment, until he was physically apprehended).

Accordingly, we affirm the denial of Walker's motion to suppress and affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before this court and argument would not aid the decisional process.

AFFIRMED